

119 Coulter Avenue, Suite 211, Ardmore, PA 19003 | T 484.413.2280| F 202.827.0041

**Justin S. Brooks**
D: (484) 413-2280
jbrooks@gbblegal.com

October 24, 2019

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re:   **Powell, et al. v. Ocwen Financial Corp., et al.**, No. 18 Civ. 01951 (VCB)

Dear Judge Broderick:

We represent the Plaintiffs in the above-referenced matter and write in reference to the joint letter just filed by Ocwen. By October 11, 2019, Plaintiffs offered their 30(b)(6) witness on a date certain, which he calendared. On October 15, 2019, after discovery had ended, Ocwen presented issues with Plaintiffs' objections to 30(b)(6) topics, which it had served 6 weeks ago on August 28, 2019. Plaintiffs were – but no longer are – willing to make this witness available outside the discovery period and originally earmarked date in light of Ocwen's refusal to do the same. As to Ocwen's position, Plaintiffs reproduce their October 23, 2019 portion of the joint letter below verbatim except with the addition of exhibit cites and accompanying exhibits (which Ocwen would not agree to file). Mindful of the Court's statement that the parties should not present exhibits to discovery disputes "as a general matter" (*see* Individual Rules & Practices in Civil Cases, Section 3), Plaintiffs believe the exhibits here are important to understand the full nature of this dispute and efforts made by Plaintiffs and Wells Fargo (but not Ocwen) to compromise, so they have provided these exhibits so that the Court may consider the correspondence **at its option**.

**Plaintiffs' Position**

A scheduling conflict has developed that makes it extremely difficult for Plaintiffs to take this deposition on the previously scheduled date of October 30, 2019. Even though a number of depositions are taking place in November 2019 by agreement, and even though it will be virtually impossible for third party discovery to conclude on the current deadline (*see* Exhibits

October 24, 2019
Page 2

A-B; *infra* p. 2), Ocwen refuses to make its designee available on a later date.  Plaintiffs respectfully request that the Court order Ocwen to make its deponent available on another date.  Below, Plaintiffs identify other outstanding discovery and summarize their scheduling conflict.

### *Other Outstanding Discovery*

On October 3, 2019, with no effort by Ocwen to schedule previously discussed first party depositions and with the first party discovery deadline ending in less than two weeks, Plaintiffs' counsel asked Defendants if they still wanted to depose their witnesses, noting that limited time left in the discovery period could make that impossible.  As a **courtesy**, however, Plaintiffs offered to make their witnesses available after the party discovery period ended.  *See* Exhibit C.  Plaintiffs originally offered all of their witnesses in October, but scheduling conflicts as well as currently unbriefed discovery disputes have pushed these depositions into November.  Trustee and Plaintiff Bob O'Toole has presently been offered for deposition on November 11, 12, or 22.  *See* Exhibit D.[1]  Plaintiffs' 30(b)(6) witness Dan Ryan was offered for October 28, 2019 (*see* Exhibit E pp. 3-4), but Defendants plan to move to compel regarding certain noticed topics to which Plaintiffs objected.  Exhibit F.[2]  Ocwen first raised these issues on October 15, 2019, though Plaintiffs served objections on August 28.  Because of scheduling conflicts, this meet-and-confer took place on October 21, 2019.  Exhibit E, pp. 1-2.  Plaintiffs would make Mr. Ryan available on November 14, 2019 but believe it most efficient to wait until the Court resolves Defendants' forthcoming motion to compel.  Plaintiffs also believe it would be best to take Ryan, O'Toole, and a third party 30(b)(6) of National Investment Services in Chicago at the same time.  In short, not a single deposition has yet been taken, and though the parties are working collaboratively to schedule others, the earliest any deposition might take place is November 11, 2019, with most depositions likely taking place in the November 20-25, 2019 timeframe.

As to third party discovery, Plaintiffs have been working Depository Participants to obtain information on beneficial ownership for weeks.  Even those served the earliest have not provided a date certain by which they can provide the trade run data.  *E.g.* Exhibit G.  Despite being served weeks ago, it took time for the subpoenas to be routed to the relevant department for others.  For example, Counsel was only contacted by Cantor Fitzgerald and JPMorgan (via Sidley Austin) a few days ago.  *See* Exhibits H, I.  On a call today, Cantor Fitzgerald stated it will endeavor to provide the necessary data by November 15, 2019.  JPMorgan has added difficulties of identifying the relevant entities that hold the data because of numerous mergers, acquisitions, spinoffs and organizational changes.  *See* Exhibit I.[3]  Other Participants both need notice and permission to release this information and only have information on banks invested

---

[1] Wells Fargo has been working collaboratively to schedule depositions on mutually amenable dates.  For example, it appears the their 30(b)(6) designee will likely take place on November 20, 2019 in New York because of the "limited availability" of that witness.  Exhibit E, p. 3

[2] Plaintiffs also intend to file a motion regarding certain Ocwen objections, the meet-and-confer having taken place today.

[3] Counsel expects additional written correspondence setting forth the challenges of obtaining this data from several Depository Participants and can supplement this letter with that information.

October 24, 2019
Page 3

with them, which in turn invested on behalf of employee benefit plans, necessitating further discovery on these underlying banks. *E.g.* Exhibit J. Despite these challenges, Plaintiffs believe all data for these earlier served Participants could be obtained by the end of November. Ocwen served **11** subpoenas just ***two*** days ago. *See* Exhibits A-B. To a virtual certainty, Ocwen will not have obtained the necessary information by the current third-party discovery deadline of November 11, 2019, likely necessitating a request to move summary judgment briefing.

### *Plaintiffs' Scheduling Conflict*

With no conflict then at issue, Counsel confirmed the Ocwen 30(b)(6) deposition on October 8, 2019. Exhibit E, pp. 4-5. On October 15, 2019, a petition to compel arbitration was filed against counsel's client in Delaware. *See* Case No. 19-mc-00258 (D. Del.) An expedited briefing scheduled was entered by the Court on October 18, 2019.[4] Chambers has advised counsel that the Court will likely wish to hold any hearing on October 30, 2019. Even if the hearing is not set for this day, there is a tremendous amount of work to do, and Justin Brooks – the principal attorney handling this work and conducting any argument – is the same attorney who is preparing to take Ocwen's 30(b)(6) deposition. Further complicating matters, in preparing for this deposition, Plaintiffs discovered today that their document vendor at Leagle Eagle had not properly loaded Ocwen's September 30, 2019 production of documents.[5] Ocwen has not identified a good reason why its witness cannot be deposed on another date in November. Wells Fargo's witness also has "limited availability" but is willing to cooperate in light of unanticipated challenges and exigencies in this case and a sit for deposition late in November. Ocwen has not identified the specific preparation that has taken place. Nor has it stated why the deposition could not proceed at a later date even if the witness has already been prepared to some degree. With depositions continuing nearly until the end of November and with significant outstanding third-party discovery, further delayed by Ocwen itself, there is no good reason why another attorney for Plaintiff should be required to take over at the 11th hour.

---

[4] This schedule may now be modified for additional briefing and motion practice as to a Temporary Restraining Order and Preliminary Injunction pursuant to the arbitral tribunal's announcement today that it will proceed absent an order to stay by the court.

[5] This will be corrected by tomorrow.

October 24, 2019
Page 4

                Respectfully submitted,

                /s/ Justin S. Brooks

                By: Justin S. Brooks
                Guttman, Buschner & Brooks PLLC
                119 Coulter Avenue, Suite 211
                Ardmore, PA 19003
                Telephone: (484) 413-2280
                jbrooks@gbblegal.com

                *Counsel for Plaintiffs*