USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ronald E. Powell et al.,

                        **Plaintiffs,**

-against-

Ocwen Financial Corporation et al.,

                        **Defendants.**

1:18-cv-01951 (VSB) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

       Before the Court is Plaintiffs' motion, pursuant to Rules 15(a) of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint ("SAC"). (Mot. to Amend, ECF No. 166.) For the reasons set forth below, Plaintiffs' motion is GRANTED.

## BACKGROUND

       Plaintiffs Ronald E. Powell, Robert O'Toole, Robert Wilson, Brian Jordan, Donald G. Schaper and William R. Seehafer, as Trustees of The United Food & Commercial Workers Union & Employers Midwest Pension Fund (the "UFCW Plan") bring this purported class action under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC and Ocwen Mortgage Servicing, Inc. (collectively, "Ocwen"); Wells Fargo Bank, N.A. ("Wells Fargo"); Assurant, Inc., Standard Guaranty Insurance Company, American Security Insurance Company, Voyager Indemnity Insurance Company and American Bankers Insurance Company of Florida (collectively, the "Assurant Defendants"); Southwest Business Corporation ("SWBC"); Altisource Residential Corporation; Altisource Asset Management Corporation; HomeSure Services, Inc.; Cross Country Home Services, Inc.; HomeSure of America, Inc.; HomeSure Protection of Virginia, Inc.; Altisource

Solutions, Inc.; REALHome Services and Solutions, Inc.; and Altisource Online Auctions, Inc. Plaintiffs' Amended Complaint alleged that Defendants committed misconduct with respect to the management of residential mortgages underlying two trusts in which Plaintiffs' benefit plan invested, *i.e.*, trusts created by American Home Mortgage Investment Corporation ("AHMI Trusts"). (Am. Compl., ECF No. 42, ¶¶ 2-6.) In their Amended Complaint, Plaintiffs allege claims under ERISA for breach of fiduciary duty, in violation of 29 U.S.C. §§ 1105 and 1109, and for prohibited transactions, in violation of 29 U.S.C. § 1106(b). (Am. Compl. ¶¶ 238-50.)

On March 15, 2019, District Judge Broderick granted in part and denied in part various Defendants' motions to dismiss. *Powell v. Ocwen Fin. Corp.*, 2019 WL 1227939, at *12 (S.D.N.Y. Mar. 15, 2019).[1] The motions of Ocwen and Wells Fargo to dismiss the Amended Complaint were converted to motions for summary judgment with respect to the following two issues: (1) whether the underlying mortgages in the AHMI Trusts qualify as "plan assets" of the UFCW Plan; and, if so, (2) whether Ocwen qualifies as a fiduciary of the UFCW Plan. (*See id*.) Plaintiffs, Ocwen and Wells Fargo were "directed to meet and confer regarding the scope of and schedule for limited discovery on these two threshold issues." (*See id*.) On April 12, 2019, the parties jointly submitted counter-proposals for a discovery and briefing schedule. (Not. of Case Mgt. Proposal, ECF No. 157.) On April 16, 2019, Judge Broderick approved Plaintiffs' proposal, which called for discovery on the threshold issues to conclude on September 14, 2019. (4/16/19 Mem. Endorsement, ECF No. 158.) The parties thereafter began to undertake the limited discovery ordered by Judge Broderick and, on September 3, 2019, jointly requested "an extension of the limited discovery schedule and the briefing schedule for motions for summary judgment." (*See*

---

[1] The Court presumes familiarity with Judge Broderick's Opinion and Order on the motions to dismiss.

9/3/19 Joint Ltr., ECF No. 164.) Judge Broderick granted the parties' request the next day.[2] (9/4/19 Order, ECF No. 165.)

In September 2019, Plaintiffs "concluded" that they own certificates in pooling and servicing agreement ("PSA") trusts and an indenture trust (the "Additional Trusts") for which Ocwen acted as servicer for some or all of the securitized mortgages, but which were not included in the Amended Complaint. (*See* Miller Decl., ECF No. 168, ¶¶ 12-17.) On October 2, 2019, Plaintiffs' counsel emailed Defendants' counsel the names of the specific trusts that Plaintiffs sought to add to this case in a proposed amended pleading. (*See id*. ¶ 18; 10/2/19 email, Miller Decl., Ex. H, ECF No. 168-8.) During a meet-and-confer call held on October 2, 2019, Defendants' counsel stated that they opposed the amendment. (Miller Decl. ¶ 18.)

On October 16, 2019, Plaintiffs filed the instant motion seeking leave to file their proposed SAC, supported by a memorandum of law and attorney declaration. (*See* Proposed SAC, ECF No. 166-1; Pl. Mem., ECF No. 167; Miller Decl.) On October 30, 2019, Defendants Ocwen and Wells Fargo filed papers in opposition to the motion. (Ocwen Mem., ECF No. 176; Jacobsen Decl., ECF No. 177.) The Assurant Defendants also filed an opposition memorandum (Assurant Mem., ECF No. 174), in which SWBC joined. (SWBC Mem., ECF No. 175.) Plaintiffs filed their reply memoranda on November 6, 2019 (Pl. Reply to Assurant Defs., ECF No. 178; Pl. Reply to Ocwen, ECF No. 179), along with three declarations. (Brooks Decl., ECF No. 180; Miller Reply Decl., ECF No. 181; Harrison Decl., ECF No. 182.) With leave of court, the Assurant Defendants filed a sur-reply on November 13, 2019. (Assurant Sur-reply, ECF No. 187.)

---

[2] The parties subsequently made a second request for an extension of the briefing schedule, which was granted by Judge Broderick on November 20, 2019. (11/20/19 Order, ECF No. 192.)

3

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(a) provides that a court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with [its] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks and citation omitted).

> The decision to grant or deny leave to amend is within the trial court's discretion. . . . The court may deny leave to amend for "good reason," which involves an analysis of the factors articulated in *Foman* [*v. Davis*, 371 U.S. 178 (1962)]: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. . . . "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." . . . While the party seeking to amend its pleading must explain any delay, the party opposing the amendment "bears the burden of showing prejudice, bad faith, and futility of the amendment." . . .

*Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 293-94 (S.D.N.Y. 2019) (citations omitted).

**APPLICATION**

The Court finds that Plaintiffs' motion should be granted under the liberal standard of Rule 15. The grounds asserted by Defendants for denial of the motion are lacking in merit.

First, Ocwen and Wells Fargo contend that Plaintiffs have acted with undue delay and dilatory motive in making their motion to amend. (*See* Ocwen Mem. at 8-14.) However, Plaintiffs have explained their delay, which was precipitated by Plaintiffs' belated discovery of the Additional Trusts, in extensive submissions to the Court. Plaintiffs' counsel, R. Bradley Miller, describes what occurred as follows:

> The information as to the [UFCW] Plan's investments in securitized mortgages was scattered and difficult to obtain. The investment manager that made the investments in the two [AHMI Trusts] advised Plaintiffs' counsel that their Bloomberg terminal showed that Ocwen was the current servicer for the

> mortgages in the two [AHMI Trusts], but did not show the current servicer for other securitization trusts in which the Plan invested. According to the investment manager, they knew of no way to identify the servicer for mortgages held in other securitization trusts from public sources. . . . Ocwen admits that Ocwen was servicer or master servicer for the two [AHMI Trusts]. At the time of the filing of the original complaint, Plaintiffs did not have a clear sense of the steps to take to identify servicers of its other RMBS investments; nor did it see a need to do so to move forward as the originally named trusts appeared sufficient for class standing.

(Miller Decl. ¶¶ 9-10; *see also* Miller Reply Decl. ¶ 15 ("I did not know at the time of any other sources of information available to Plaintiffs to identify whether Ocwen was servicer of any other securitized mortgages in which the Plan invested within the relevant period.").)

> As first party discovery neared its conclusion, Defendants focused on the question whether that Plaintiffs owned any certificates by the [AHMI] Trusts. For example, Wells Fargo issued Requests for Admission [on August 13, 2019] that sought an admission that the UFCW Plan did not own any certificates issued by the [AHMI] Trusts and otherwise made inquiries regarding subordinate status of certificate holders. . . . After Plaintiffs conclusively determined that they did not own such certificates in the [AHMI] Trusts in September 2019, Plaintiffs continued to investigate. In late September, Plaintiffs concluded that they own certificates in at least three PSA trusts and hold a note in one additional indenture trust for which Ocwen or PHH Mortgage Corporation, or both, are servicers for some or all of the securitized mortgages.

(Miller Decl. ¶¶ 11-12.)

Another of Plaintiffs' counsel, David Harrison, explains what he refers to as the "cumbersome" process undertaken to identify the Additional Trusts. (*See* Harrison Decl. ¶¶ 5-10.) Harrison concludes his Declaration with the statement that, "[i]n sum, we determined through much effort that Ocwen was the servicer of four additional trust investments held by UFCW." (*Id*. ¶ 10.) The "four additional trust investments" referred to by Harrison are the Additional Trusts that Plaintiffs seek to add in the SAC.

The Court finds that the explanation provided by Plaintiffs' counsel is a plausible one and does not evince bad faith. Although Plaintiffs' counsel may be faulted for not having greater

knowledge sooner about the Trusts at issue, since that knowledge in fact was available to them, their conduct does not rise to the level of bad faith and does not suggest a dilatory motive. It would have been in Plaintiffs' interest to name in the initial Complaint and the Amended Complaint all of the trust investments held by UFCW for which Ocwen acted as servicer, not just some of them.

Second, Ocwen and Wells Fargo argue that Plaintiffs' proposed amendments would cause undue prejudice to Defendants due to the increased costs and burdens to conduct discovery and prepare for trial. (*See* Ocwen Mem. at 15-18.) While some prejudice does exist, inasmuch as the Defendants shall be disadvantaged by having discovery conducted regarding the added Trusts, such disadvantage "is not so substantial as to . . . bar the amendment." *See S.E.C. v. DCI Telecommunications, Inc*., 207 F.R.D. 32, 35 (S.D.N.Y. 2002). Thus, the Court in its discretion finds no undue prejudice imposed on Defendants by the SAC.

Third, Ocwen, Wells Fargo, the Assurant Defendants and SBWC contend that the proposed amendments are futile. (Ocwen Mem. at 18-24; Assurant Mem. at 2-6.) The Court disagrees. Ocwen and Wells Fargo argue that no-action clauses of the Additional Trusts bar the amendment. (Ocwen Mem. at 19-22.) However, Judge Broderick already held in this case that no-action clauses did not bar the claims regarding the AHMI Trusts, *Powell*, 2019 WL 1227939, at *9, and the cases cited by Defendants (Ocwen Mem. at 19-22) do not involve ERISA breach of fiduciary duty claims like the ones pled in the SAC. Ocwen and Wells Fargo further argue that Plaintiffs' claims are "insufficiently pleaded" with respect to the Additional Trusts (Ocwen Mem. at 22-24), while the Assurant Defendants (joined by SBWC) argue that Plaintiffs fail to provide in the SAC enough facts regarding the Assurant Defendants and the Altisource corporate structure.

6

(Assurant Mem. at 2-4.) However, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).[3]

The Court in its discretion finds that Defendants have not met their burden of showing prejudice, bad faith and/or futility of the amendment. Thus, Plaintiffs' motion to amend shall be granted. The Court makes two additional points:

First, Plaintiffs add, in Count Two of their proposed SAC (alleging prohibited transactions under ERISA), a violation of 29 U.S.C. § 1106(a), in circumstances where they previously had alleged only a violation of 29 U.S.C. § 1106(b). (*See* SAC Redline, ECF No. 191-1, at 59.) In September 2018, in connection with briefing on the Defendants' motions to dismiss, Plaintiffs had signaled to Defendants that they would be seeking to make this amendment. (*See* Pl. Omnibus Opp. Mem., ECF No. 117, at 134.) I find no prejudice to Defendants by this amendment being made now.[4]

Second, Plaintiffs admit that they cannot seek prospective relief against the Assurant Defendants and state that the inclusion of references to injunctive relief in their proposed SAC were "oversights." (*See* Pl. Reply to Assurant Defs. at 5.) Plaintiffs shall remove the references to injunctive relief against the Assurant Defendants when they file their SAC and shall file a redlined version with the Court reflecting the references that were removed.

---

[3] With respect to the adequacy of the allegations regarding the Additional Trusts, the Court notes that Plaintiffs attach to the SAC various trust documents that are incorporated by reference.

[4] To the extent that the Defendants seek to dismiss the § 1106(a) claim (*see* Assurant Mem. at 4-5; Assurant Sur-reply at 2), or any other claim, they may seek to do so later on a more fully developed record.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to amend is GRANTED. Plaintiffs shall file their Second Amended Complaint within seven (7) days of the date of this Order, as set forth above.

**SO ORDERED.**

DATED:	New York, New York
	November 21, 2019

_____
STEWART D. AARON
United States Magistrate Judge