### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

RONALD E. POWELL, *et al.*, as Trustees and on behalf of The United Food & Commercial Workers Unions & Employers Midwest Pension Fund,

Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, *et al.*,

Defendants.

**No. 18–cv–1951–VSB–SDA**

### DEFENDANTS OCWEN AND WELLS FARGO'S
### RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Richard A. Jacobsen
Thomas N. Kidera
Aaron M. Rubin
ORRICK, HERRINGTON
& SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
rjacobsen@orrick.com
tkidera@orrick.com
amrubin@orrick.com

Kenneth Herzinger
ORRICK, HERRINGTON
& SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
kherzinger@orrick.com

*Attorneys for Ocwen*

Howard F. Sidman
Amanda L. Dollinger
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939
hfsidman@jonesday.com
adollinger@jonesday.com

Evan Miller (*pro hac vice*)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939
emiller@jonesday.com

Benjamin G. Minegar (*pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
bminegar@jonesday.com

*Attorneys for Wells Fargo*

In connection with their Motion for Summary Judgment ("MSJ") (ECF 230), Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and Ocwen Mortgage Servicing, Inc. (collectively, "Ocwen") and Wells Fargo Bank, N.A. ("Wells Fargo," and with "Ocwen," "Defendants") submit this response to Plaintiffs' October 23, 2020 Notice of Supplemental Authority (the "Notice") (ECF 264).  Plaintiffs' Notice attaches the [Proposed] Final Consent Judgment (the "Consent Judgment") filed in *Office of the State of Attorney General, the State of Florida, et al. v. Ocwen Financial Corporation, et al.*, No. 9:17-cv-80495 (S.D. Fla. Oct. 15, 2020) (ECF 264-1).

In the first instance, this Court should reject Plaintiffs' Notice outright because it does not properly submit any "supplemental authority."  The Consent Judgment is not newly cited legal authority, but instead an improper attempt to apprise this Court of the existence of an irrelevant settlement agreement filed in an unrelated action.  *See MYL Litig. Recovery I LLC v. Mylan N.V.*, No. 19-cv-1799, 2020 WL 1503673, at *4 n.2 (S.D.N.Y. Mar. 30, 2020) (declining to consider notice regarding supplemental authority "that cited no new legal authority, but instead attempted [to] apprise this Court of additional facts alleged in a complaint that the SEC filed in another district court"); *Winslow v. Forster & Garbus, LLP*, CV 15-2996, 2017 WL 6375744, at *5-6 (E.D.N.Y. Dec. 13, 2017) (declining to consider consent judgments submitted as supplemental authority as irrelevant to the case).  In addition, the Consent Judgment clearly states that "[n]othing contained herein, nor any negotiations or transactions connected in any way with this Judgment, shall be offered, received or admissible in evidence in any proceeding to prove any liability or wrongdoing, or an admission on the part of Ocwen, by any individual or entity not a party hereto."  ECF 264-1 at ¶ 6.  This, too, renders Plaintiffs' Notice of purported "supplemental authority" improper.  *See Dumont v. Litton Loan Servicing, LP*, No. 12-cv-2677, 2014 WL

1

815244, at *24 n.47 (S.D.N.Y. Mar. 3, 2014) (holding that submission of a consent judgment as supplemental authority did not affect court's analysis where judgment did not represent admission of wrongdoing and related only to general allegations of misconduct).[1]

But even if the Court does not reject Plaintiffs' submission as improper, there is no support for Plaintiffs' argument that the Consent Judgment evidences that Ocwen "is unconstrained by the terms of the governing servicing documents."  ECF 264 at 1.  In fact, the operative provision in the Consent Judgment shows just the opposite.  As Defendants explained in their MSJ, Ocwen has no authority or control over the mortgage loans because, *inter alia*, its role as mortgage servicer "is circumscribed by a framework of laws, contracts, and regulations."  ECF 230 at 33-38.  In an effort to support their baseless argument, Plaintiffs appear to intentionally mischaracterize language in the Consent Judgment to suggest that it affects Ocwen's discretion, but on closer review, the language in the Consent Judgment actually *reinforces* that Ocwen must always service loans in accordance with the governing agreements, as well as all applicable laws and regulations.  Specifically, Plaintiffs selectively, and misleadingly, quote Paragraph 15 of the Consent Judgment in their Notice, stating that "Ocwen shall solicit each Florida Account . . . with an offer in writing to review the account for a loan modification pursuant to [the Settlement]."  ECF 264 at 2.  However, Plaintiffs omit the remainder of the sentence, which continues "<u>unless the account is otherwise not eligible because the Solicitation or modification is prohibited by the Applicable Requirements, the loan's investor, [or] program requirements</u>" (or other similar reasons).  ECF 264-1 at ¶ 15 (emphasis added).

---

[1] Furthermore, to the extent Plaintiffs' Notice contains additional legal arguments concerning the Consent Judgment, such additional arguments are inappropriate in a notice of supplemental authority and the Court should ignore them. *See Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2017 WL 5157466, at *2 (S.D.N.Y. Nov. 3, 2017); *Solis v. Commonwealth Fin. Sys., Inc.*, 18-cv-6130, 2020 WL 2523047, at *2 (E.D.N.Y. May 15, 2020).

And "Applicable Requirements" is expressly defined to include "any servicing agreement, subservicing agreement under which Ocwen services for others, special servicing agreement, mortgage or bond insurance policy or related agreement or requirements to which Ocwen is a party and by which it or its servicing is bound pertaining to the servicing or ownership of the mortgage loans, including without limitation the requirements, binding directions, or investor guidelines of the applicable investor." *Id.* at ¶ 9.a. Thus, Plaintiffs' argument is simply wrong and worse, intentionally misleading.

October 27, 2020

ORRICK, HERRINGTON
& SUTCLIFFE LLP

 */s/ Richard A. Jacobsen*
Richard A. Jacobsen
Thomas N. Kidera
Aaron M. Rubin
51 West 52nd Street
New York, NY 10019
(212) 506-5000
rjacobsen@orrick.com
tkidera@orrick.com
amrubin@orrick.com

Kenneth Herzinger
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
kherzinger@orrick.com

*Attorneys for Ocwen*

Respectfully submitted,

JONES DAY

 */s/ Howard F. Sidman*
Howard F. Sidman
Amanda L. Dollinger
250 Vesey Street
New York, NY 10281
(212) 326-3939
hfsidman@jonesday.com

Evan Miller (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939
emiller@jonesday.com

Benjamin G. Minegar (*pro hac vice*)
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
bminegar@jonesday.com

*Attorneys for Wells Fargo*