UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD E. POWELL, *et al*., as trustees of The United Food & Commercial Workers Unions & Employers Midwest Pension Fund, on behalf of that plan and other similarly situated benefit plans,<br><br>*Plaintiffs*,<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, *et al*.,<br><br>*Defendants*. | Case No. 1:18-cv-01951 (VSB) |

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

**GUTTMAN BUSCHNER
   & BROOKS PLLC**
R. Bradley Miller (admitted *pro hac vice*)
Reuben A. Guttman (admitted *pro hac vice*)
Traci L. Buschner (admitted *pro hac vice*)
Justin S. Brooks
Elizabeth H, Shofner
2000 P Street, NW, Suite 300
Washington, D.C. 20036
Tel: (202) 800-3001

**LOWEY DANNENBERG, P.C.**
Barbara J. Hart
David C. Harrison
Christina McPhaul
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500

**KARMEL LAW FIRM**
Jonathan D. Karmel (admitted *pro hac vice*)
221 N. La Salle Street, Suite 1550
Chicago, IL 60601
Tel: (800) 459-6264

*Counsel for Plaintiffs*

Plaintiffs submit this response to Ocwen's and Wells' Notice of Supplemental Authority, ECF. 267, which misconstrues the Second Circuit's December 7, 2020 decision in *John Doe 1 v. Express Scripts, Inc.* No. 18-346, ___ F. App'x ___, 2020 WL 7122860. ECF 267-1.

In *Express Scripts,* the Second Circuit reaffirmed the governing legal principle enunciated by the United States Supreme Court, explaining that fiduciary status depends on the conduct at issue and is not determined by a party's title or in the abstract. The determinative question is "whether defendants were 'acting as a fiduciary…when taking the action subject to complaint." *Op.* at 4, quoting *Pegram v. Herdrich*, 530 U.S. 221, 226 (2000).  Here, unlike in *Express Scripts,* the evidence submitted by Plaintiffs in opposing summary judgment shows (1) the governing mortgage servicing documents are entirely silent with respect to Ocwen's loss mitigation conduct, which is "the action subject to complaint," *id.* at 4; and (2) Ocwen senior executives proclaimed its wide discretion with respect to any issues not specifically addressed by contract.  *See* Plaintiffs' Opposition to Summary Judgment, ECF 247-1 at 18-29.   Provisions in the servicing documents for the Trusts and other legal requirements that may constrict Ocwen with respect to <u>other</u> <u>conduct</u> that is not the basis of Plaintiffs' complaint are legally irrelevant as to whether Ocwen was a fiduciary to the UFCW Plan as to the conduct at issue.

*Express Scripts* differs from the present case in another fundamental way that Ocwen and Wells ignore: Ocwen had "an ability to exercise authority over plan assets," *see* Op. at 6, *i.e.*, the underlying mortgages owned by the Trusts that was unconstrained by contract and arose outside the realm of rote mortgage servicing functions.  By contrast, the *Express Script* defendants were venders to benefit plans of pharmacy benefit management or administration, and provided that service pursuant to express contractual provisions.  Congress did not intend the ERISA statute to subject venders of goods and services to a fiduciary duty in ordinary, arm's length transactions

1

pursuant to contract, even where the venders had some discretion in performance. But it was a principal purpose of the statute and Department of Labor regulations to impose fiduciary duties upon anyone with control of plan assets, including entities managing vehicles for "the investment of capital" as Ocwen did for the relevant Trusts.  *E.g.* ECF. 225, pp. 6-7.[1]

Dated: December 11, 2020                                  Respectfully submitted,

                                                 **GUTTMAN, BUSCHNER & BROOKS  PLLC**

                                      By: /s/ Justin S. Brooks_____
                                             Justin S. Brooks
                                             Elizabeth H. Shofner
                                             41-30 46th Street, Apt. 1-O
                                             Sunnyside, NY 11104
                                             Tel: 202-800-3001
                                             Fax: 202-827-0041
                                             E-mail: jbrooks@gbblegal.com
                                             E-mail: lshofner@gbblegal.com

                                             Ruben A. Guttman (*pro hac vice*)
                                             Traci L. Buschner (*pro hac vice*)
                                             R. Bradley Miller (*pro hac vice*)
                                             2000 P. Street, NW, Suite 300
                                             Washington, D.C. 20036
                                             Tel: 202-800-3001
                                             Fax: 202-827-0041
                                             E-mail: rguttman@gbblegal.com
                                             E-mail: tbuschner@gbblegal.com
                                             E-mail: bmiller@gbblegal.com

                                             **LOWEY DANNENBERG, P.C.**
                                             Barbara J. Hart
                                             David C. Harrison
                                             Christina McPhaul

---

[1] Notably, plaintiffs did not allege Anthem and Express Scripts controlled plan assets and instead articulated other bases for their purported fiduciary duties. *See, e.g., In re Express Scripts/Anthem ERISA Litig.*, 285 F.Supp.3d 655, 683 (S.D.N.Y. 2018) ("Here, however, Plaintiffs do not allege that Anthem's fiduciary status arises from control over any plan assets."); *see also id.* at 678-79 (claiming Express Script's control over drug pricing was discretionary control over plan *administration*, which the court found was not the case because of contractual cabining on setting of drug prices).

2

44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
E-mail: bhart@lowey.com
E-mail: dharrison@lowey.com
E-mail: cmcphaul@lowey.com

**KARMEL LAW FIRM**
Jonathan D. Karmel (*pro hac vice*)
221 N. LaSalle Street, Suite 1550
Chicago, IL  60601
Tel: 800-459-6264
Fax: 312 641-0781
E-mail: jon@karmellawfirm.com

*Attorneys for Plaintiffs*